E-FILED
Wednesday, 25 June, 2008 07:26:46 PM
Clerk, U.S. District Court, ILCD

JUN 25 2008

PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court

Central District of Illinois

Peoria Division

Kerry L. Brown,
   Plaintiff,

vs.

Jodi Hathaway, Warden
   Respondent

)
)
)
)
)
)
)

Supreme Court of Illinois
No. 106094 - (Appellate Court
No. 4-06-0276 & 4-07-0021, Cons.)

08-1148

## Habeas Corpus Petition

Now comes Kerry L. Brown, Pro Se, and pursuant to Habeas Corpus petition 28 U.S.C. § 2254 (a), (d) and violation of the U.S. Constitution 28 U.S.C. § 2241 (c). Plaintiff asks that this Honorable Court grant him this petition.

1. I Kerry L. Brown, pro se in whose behalf this petition is applied for is being confined and restrained of his liberty, at Shawnee Correctional Center, Vienna, Illinois 62995 in Johnson County, by Warden, Jodi Hathaway, Respondent above-named, Chief Administrative Officer of said Correctional Center.

2. Name and location of Court who's process the plaintiff is confined: Circuit Court of Woodford County Eleventh Judicial Circuit, Eureka, Illinois 61530

3. Nature of the crime and case number resulting in confinement: Aggravated DUI 05-CF-152 ct.1, Aggravated Driving while license Revoked 05-CF-152 ct II.

(1)

4. Length of Sentences : ten years for Agg. Dui, three years consective for Agg. dui/a a copy of commitment is attached.

5. Date of Judgment, order, or decree for confinement : March 14, 2006

6. conviction : Jury

7. was an appeal taken ? yes

8. if you answered yes to question 7 :
(a) Name of court : Eleventh Judicial Circuit Court Woodford County, Illinois
(b) Disposition : Guilty by Jury
(c) Disposition Date : March 14, 2006
(d) Issues raised : miranda violation, timeliness violation

9. Have any other applications, petitions, or motions been filed or made in regard to the same detention or restraint ? Pro Se, motion in arrest of judgment filed on 2-1-06 with clerk of woodford County, Illinois No Disposition has been found on the motions. issues raised: soliciting false evidence under statutory provision 625 ILCS 5/6 -303 (F), informations were insufficient they failed to contain the elements of the offenses and failed to cite the actual statutory provisions that were alleged to have been violated conviction cannot be sustained under statutory provision 725 ILCS 5/116-2 (c).

10. Pro se, Post-conviction Petitions filed on April 26, 2006 Circuit Court of Woodford County, Illinois, Disposition was affirmed on December 19, 2006, Issues raised: Excessive Bail Violation, ineffective counsel, miranda right Violation, Timeliness Violation, Violations of defendants Illinois Constitution.

11. Was an appeal taken? yes

12. Appealed to: Appellate Court of Illinois Fourth District
Disposition: affirmed
Date of Disposition: January 9, 2008
Case Nos. 4-06-0276, 4-07-0021 Cons.
Issues raised: Consecutive Sentences were Void both Offenses arose out of one offense.

13. I believe that I am being held unlawfully on the following grounds:

Ground one: Prosecutor knowingly committed prosecutorial misconduct by failing to arraign the plaintiff on the charges which he was being detained on violating his constitutional and statutory right to know the nature and cause of a criminal accusation against him. Prosecutor violated plaintiff sixth amendment of the U.S. constitution, Rights of the accused.

Ground two: Prosecutor Knowingly withheld material evidence which went to show the plaintiff was innocent of the crime Driving while license Revoked. Material evidence withheld was confirmation of statutory summary suspension from the circuit court who order Disposition against the license, and the Date that the Disposition started and ended under statutory provision 625 Ilcs 5/6-301.3 invalidation of a drivers license Knowingly depriving plaintiff of his due process under the fourteenth amendment section one of the U.S. Constitution the right not to have his sentence based on extensively and materially False information.

Ground three: Circuit court who Knowingly relied on extensively and materially False information by admitting as Proof of Prior conviction and Revocation of drivers license, plaintiff driving abstract under statutory provision 625 Ilcs 5/6-303 (F). Driving Abstract fails to show Disposition orders from a court of competent Jurisdiction over the prior convictions and Revocation of license Knowingly depriving plaintiff of his due process under the fourteenth amendment section one of the U.S. Constitution plaintiff was sentence on extensively and materially False information. plaintiff was denied an evidentiary hearing as called for under statutory provision 720 Ilcs 5/33B-2(a) the elements of 5/33B-2(b) was not proven by Prosecutor.

Circuit Court in the County of _____ JACKSON   (039)

## CONFIRMATION OF STATUTORY SUMMARY SUSPENSION

KERRY L BROWN
304 CENTER STREET
FREEMAN SPUR   IL   62841

Summary Suspension Effective at 12:01 a.m. on   11-28-01
Minimum Length of Summary Suspension   12 MO
Driver's License Number   8650-5125-7035
Ticket/Complaint Number   0098590
First Offender   NO
Provisional Reinstatement Date   11-28-02

Pursuant to the provisions of Section 11-501.1 of The Illinois Vehicle Code, this is a confirmation that your Illinois driver's license or driving permit and your privilege to drive a motor vehicle or to obtain a driver's license in Illinois are suspended effective on the date shown above.

This action is being taken as a result of this office receiving notification that you were arrested for driving a motor vehicle in this state while under the influence of alcohol, other drug or combination thereof, and that you subsequently refused or failed to complete the chemical test(s) as required or you voluntarily submitted to chemical test(s) that indicated an alcohol concentration of 0.08 or greater, or any amount of a drug, substance or compound resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act or a controlled substance listed in the Illinois Controlled Substances Act or an intoxicating compound or compounds listed in the use of Intoxicating Compounds Act.

Please review the information on the reverse of this notice. It outlines procedures for reinstating your driving privileges and pertaining to judicial review and/or restricted permits.



This Confirmation of Statutory Summary Suspension is authorized by the Director of the Driver Services Department, Office of the Secretary of State.

Driver Services Department
2701 South Dirksen Parkway
Springfield, IL 62723

DSD DC - 127.12
REQ 51 0201 737
JUNE 2001

MAIL TO MOTORIST

Ground Four : Circuit Court and the Prosecutor failed to apprise the plaintiff at his arraignment of the crimes with which he standed charged upon so that he may intelligently prepare his defense and plead the Judgment in bar of a subsequent prosecution for the same offense. Violating plaintiff's sixth amendment under the U.S. constitution to be informed of the nature and cause of the accusation against him, constitutional provision requires that the accusation set forth the crime with Clearness and state all necessary certainty before a Court can acquire jurisdiction in a criminal case. Circuit Court Vindictively Conducted a felony bail hearing; prosecutor had not file any bail violations nor has filed any new criminal charges against the plaintiff to give the court jurisdiction to conduct felony bail hearing Violating plaintiff's U.S. constitution sixth amendment Rights of the accused, to be informed of the nature and cause of the accusation against him. Prosecutor failed to give notice of his intention to increase statutory bail and the proable cause which would of granted increase Violating plaintiff fourteeth amendment section one of the U.S. constitution due process Rights which guarantees plaintiff the right not to have his sentence based upon extensively and materially false information therefore Judgment of conviction may not be sustained.

(5)

Ground five: Circuit Court who did not have power to Vindictively amended the extensively and materially false Aggravated Information charges Which before amending were insufficient they failed to Charge any offense's the Aggravated informations failed to allege each element of the crimes Charged, they did not cite the actual statutory provisions for Aggravated offenses Violated nor did they contain the statutory language of Aggravated offenses Charged. Violating plaintiff's sixth amendment right under the U.S. Constitution Rights of the accused to be informed of the nature and cause of the Accusation against him. Aggravated Dui 625 ILCS 5/11-501(c-1) (3) A person who Violates subsection (a) a fourth or subsequent time if the fourth or subsequent Violation occurs during a period in which his or her driving privileges are revoked or suspended Where the revocation or suspension was for a Violation of subsection (a), Section 11-501 paragraph (b) of Section 11-401, or for reckless homicide as defined in Section 9-3 of the criminal code of 1961, is guilty of a class two felony and is not eligible for a sentence of probation or conditional discharge. Information 05-cf-153 ct.1 Aggravated dui fails to contain that statutory language which is the correct language prosecutor withheld this language because he knew that the plaintiff's license was not under a revocation or suspension as required by the provision Confirmation of statutory Summary Suspension from circuit court ordering disposition against plaintiff license which shows date it went into effect and the date of his reinstatemate under statutory provision 625 ILCS 5/6-301.3 - invalidation of a drivers license, Violating plaintiff's Due process Rights under the Fourteenth amendment section one of the U.S. Constitution the right not to have his sentence based upon extensively and materially false information and that the sentencing facts be proven by a preponderance of the evidence therefore Judgment of conviction may not be sustained.

# IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
## WOODFORD COUNTY, ILLINOIS

The People of the State of Illinois

vs

Kerry L. Brown, Defendant
Address: 304 Center Street
       Freeman Spur, IL 62841
DOB: 02/04/57    Sex: M
Hgt: 6"03"    Wgt: 180
Hair: BROWN    Eyes: BROWN

Case No. 05-CF-15.2
CT I

ORIGINAL FILED
DEC 1 2 2005
WOODFORD COUNTY
CIRCUIT COURT

## INFORMATION

In the name and by the authority of the People of the State of Illinois comes Jason B. Netzley, Assistant State's Attorney of Woodford County, and charges that in Woodford County, Illinois, on October 30, 2005 Defendant, Kerry L. Brown, committed the offense of:

### AGGRAVATED DUI

A Class 2 Felony, with a maximum prison sentence of 7 years, plus a maximum fine of $25,000.00, in violation of 625 ILCS 5/11-501 (a) (2), in that said defendant knowingly drove a 1985 American Motors with Illinois registration 7956445 at Carolyn Drive and County Hwy. 2, in Woodford County, while the defendant was under the influence of alcohol. Further, that the defendant had previously committed the offenses of driving under the influence of alcohol in violation of 625 ILCS 5/11-501 on April 28, 1981 in Lee County, Illinois, on June 8, 1981 in DeKalb County, Illinois, on August 7, 1988 in Cook County, Illinois, on October 12, 1990 in Lee County, Illinois, on October 20, 1990 in Lee County, Illinois, on March 15, 1994 in Ogle County, Illinois and on October 12, 2001 in Jackson County, Illinois.

The undersigned, on oath, states that the allegations herein are true.

Jason B. Netzley, Assistant State's Attorney

*Jason B. Netzley*

Subscribed and sworn to before
me on December 12, 2005.

*Cindy S. Lane*

Notary Public

# IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
## WOODFORD COUNTY, ILLINOIS

The People of the State of Illinois

vs

Kerry L. Brown, Defendant

Case No. 05-CF-152
CT.II

Address: 304 Center Street, Freeman Spur, IL 62841
DOB: 02/04/57    Sex: M
Hgt: 6'03"    Wgt: 180
Hair: BROWN    Eyes: BROWN

## INFORMATION

In the name and by the authority of the People of the State of Illinois comes Jason B. Netzley, Assistant State's Attorney of Woodford County, and charges that in Woodford County, Illinois, on October 30, 2005, Defendant, Kerry L. Brown, committed the offense of:

## AGGRAVATED DRIVING WHILE LICENSE REVOKED

a Class 4 Felony, with a maximum prison sentence of 3 years, plus a maximum fine of $25,000, in violation of 625 ILCS 5/6-303(a), at or near Minonk, Illinois, in that said defendant drove a car upon a highway with an Illinois registration number 7956445 on October 30, 2005 in Woodford County, Illinois at a time when his driver's license was revoked pursuant to 625 ILCS 5/11-501 and he has been previously convicted of 625 ILCS 5/6-303 on March 15, 1994 in Ogle County, Illinois.

The undersigned, on oath, states that the allegations herein are true.

Jason B. Netzley, Assistant State's Attorney

signed and sworn to before
me on December 12, 2005

Notary Public

1    (The following proceedings were held

2    on the 28th day of February, 2006.)

3    THE COURT:  We will be on the record, People of

4    the State of Illinois versus Kerry Brown, 05-CF-152,

5    05-DT-148, 05-TR-522 -- strike that, 5520.

6    The defendant appears with his attorney Mr. Baldwin.

7    The State appears by Assistant State's Attorney Mr.

8    Netzley.

9    We're here today for a sentencing hearing.  I have

10    off the record previously raised this issue with each of

11    the attorneys.  I want to put it on the record.

12    In reviewing -- in preparing -- in my preparations

13    for this sentencing hearing I was reviewing the charges

14    and the DUI statute, in particular in regard to Count I,

15    the aggravated DUI charge as to this being a Class 2

16    felony.  The State -- correct me if I'm wrong, Mr.

17    Netzley.  You're relying on 625 ILCS 5/11--501(C)(3), in

18    that a person who violates subsection (a), being the DUI

19    statute, a fourth or subsequent time, if that fourth or

20    subsequent violation occurs during a period in which his

21    or her driving privileges are revoked or suspended,

22    essentially that becomes a Class 2 felony, probation or

23    conditional discharge is not an option.

24    Is that what you're relying on?

MR. NETZLEY:  Yes, Your Honor.  Actually it's (c--1).

THE COURT:  Right.  I'm sorry, yes.  (C--1), subparagraph (3).  Thank you.  That's what you're relying on, correct?

MR. NETZLEY:  Yes, Your Honor.

THE COURT:  Okay.  All right.  The Information in Count I does not allege the circumstance that the jury has found here, and that is that on this occasion the defendant was driving during a period in which his license was revoked.  That is a fact the jury has found, but it's not alleged in the Information.  I'm not comfortable without researching this issue further with proceeding with sentencing the defendant at this point in time, because he may be, in fact, guilty, then, of a Class 4 felony as alleged if that's -- if that needs to be alleged as opposed to a Class 2 felony.

So I would like each of the attorneys to brief this issue and get back to the court in that regard.  I will continue this sentencing hearing.

Any objection to this procedure, Mr. Netzley?

MR. NETZLEY:  No, Your Honor.

THE COURT:  And Mr. Baldwin?

MR. BALDWIN:  No, sir.

1          THE COURT: Okay. Thank you, Mr. Netzley.

2      Mr. Baldwin, you contest any of the case law or have

3  any other case law contrary to that?

4          MR. BALDWIN: The only other case I would cite

5  in addition to those, those cases appear to be fairly well

6  settled. Most on point would be People versus Martin

7  which was cited by the State here. But I would point out

8  in this case we're not talking about an information that's

9  been amended or a motion to amend an information. We're

10  talking about an information that contains an erroneous

11  classification of an offense and facts that support the

12  offense being a Class 4. The second count contains facts

13  that would be needed to elevate the Count I up to a Class

14  2, but the only reference to that offense is the

15  classification of the offense.

16      There is no statutory cite where they have cited

17  Section (c--1)(3). The only reference to the aggravated

18  DUI being a Class 2 occurs in the information where it

19  says Class 2. Yes, the second count does contain the

20  facts necessary to support that charge, but in this

21  situation I think more is needed in the Information in

22  order to sustain that charge.

23      Now, part of one of the cases that construes Martin

24  is the case of People versus Tellez-Valencia, and that's

1  found at 295 Ill. App. 3d 122. In that case it was a

2  situation where they had failed to amend an indictment

3  alleging a charge under a statute that at the time had

4  been declared invalid. They sought to amend the

5  indictment later on to charge the offense under the

6  reenacted version of the statute, and they were told no.

7  And they cited Martin saying that the case was

8  distinguishable in that it's a substantive change, not a

9  formal change.

10      And I think the classification of the offense, the

11  citation of the statute section, and the addition of facts

12  may -- all taken individually *are substantive* -- be formal defects, but

13  add them all together and you are changing two classes,

14  removing probation from the possible outcomes here. And I

15  think those three things that are missing from this

16  Information, that being the proper class, the proper

17  statutory cite for the offense, and the facts that give

18  rise to the offense, all those things taken together add

19  up to a substantive change that has been handled in a

20  different manner than merely amending after the fact or

21  relying on the second count.

22      So -- but we do concede that the State -- that the

23  case law as stated by the State is correct.

24          THE COURT: Okay. Thank you. Well, that case

Ground Six: Prosecutor used eight prior allegations from plaintiff's Driving abstract which is admitted as proof of prior convictions and revocation of license under statutory provision 625 ILCS 5/6-303 (F) plaintiff objected because of a factual dispute but was not afforded a full and fair evidentiary hearing. Prosecutor who was required by the statutory provisions of 720 ILCS 5/33B-2 (a), (b) when charging aggravated offenses, failed to file to have evidentiary hearing on the allegations as to if they were prior convictions needed to sustain the aggravated offenses. Prosecutor failed to prove which allegations were prior convictions, it needed to prove two prior convictions for aggravated driving while license Revoked and it needed to prove four prior dui convictions and that his license was under revocation the state failed to prove any of the elements needed to sustain aggravated conviction. Violating plaintiff's fourteenth amendment section one of the U.S. Constitution his right not to have his sentences based upon extensively and materially false information and that sentencing facts be proven by a preponderance of the evidence as required by Due process statutory provision 625 ILCS 5/6-301.3 which is a certified document from the circuit court who order the Disposition on his license, showing they were not under a revocation or suspension therefore convictions may not be sustained.

FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS
FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

**Panel 1 (top-left)**

ERRY L BROWN
04 CENTER STREET
REEMAN SPUR 62841

B650-5125-7035-0 PAGE
1 OF 4

| | |
|---|---|
| CONT LIC DATE | 11 07 80 |
| ISSUE DATE | 03 10 81 |
| EXPIRATION DATE | 02 04 57 |

| HEIGHT | WEIGHT | HAIR | EYES | | CLASS | SCHOOL | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|
| 6 03 | 180 | BRN | | Y N 2 C | | | NONE | 02 04 84 |

| DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP IN EFFECT |
|---|---|---|---|---|---|
| 08 15 02 | 24 78 | 1 0502 00 | 1433449 | WILLIAMS | |
| ILLEGAL TRANSPORTATION | | OF | ALCOHOLIC | LIQUOR | |
| 04 14 79 | 05 25 80 | 1 0502 00 | 12826 | WHITESID | |
| ILLEGAL TRANSPORTATION | | OF | ALCOHOLIC | LIQUOR | |
| 11 28 80 | 02 27 81 | 1 0502 00 | 10094 | WHITESID | |
| ILLEGAL TRANSPORTATION | | OF | ALCOHOLIC | LIQUOR | |
| 07 03 81 | 1 0501 01 | | | 10 03 81 | NO |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 07 25 81 | 6 205 A2 | | | | YES |
| DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | | | |
| 04 28 81 | 07 10 81 | 1 0501 01 | 993 | LEE | |
| DRIVING UNDER INFLUENCE OF INTOXICATING LIQUOR | | | | | |
| 05 23 81 | 06 22 81 | 1 0601 05 | 3279620 | MARION | |
| SPEEDING 15-25 MPH ABOVE LIMIT | | | | | |
| 10 30 81 | 6 205 A2 | | | | YES |
| DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | | | |
| 06 08 81 | 08 01 81 | 1 0501 01 | 15898 | DE KALB | |
| DRIVING UNDER INFLUENCE OF INTOXICATING LIQUOR | | | | | |
| 06 08 81 | | | 1211654 | | |
| 04 06 85 | 08 01 85 | 6 303 A2 | 6856 | LEE | |
| DRIVING DURING A | | REVOCATION/SUSPENSION | | | |
| 05 27 86 | 1 0501 01 | | | 05 27 87 | YES |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 04 17 86 | 07 28 87 | 6 303 A2 | 69 | LEE | |
| DRIVING DURING A | | REVOCATION/SUSPENSION | | | |

This is to certify, that to the best of my knowledge and belief, after a careful
search of my records, that the information set out herein is a true and accurate copy
of the captioned individual's driving record, identified by driver's license number, and
I certify that all statutory notices required as a result of any driver control actions
taken have been properly given.

*Jesse White*
Secretary of State

(SEE REVERSE FOR EXPLANATION OF CODES AND COLUMN HEADINGS)

RT PURPOSES                           B650-5125-7035-0 AB001
                                      06 11 03          DDL: N

**Panel 2 (top-right)**

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS
FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

KERRY L BROWN
304 CENTER STREET
FREEMAN SPUR 62841

B650-5125-7035-0 PAGE
1 OF 4

| | |
|---|---|
| CONT LIC DATE | 11 07 80 |
| ISSUE DATE | 03 10 81 |
| BIRTH DATE | 02 04 57 |

| SEX | HEIGHT | WEIGHT | HAIR | EYES | | CLASS | SCHOOL | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|
| M | 6 03 | 180 | BRN | BRN | Y N 2 C | | | NONE | 02 04 84 |

| TYPE OF ACTION | DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP IN EFFECT |
|---|---|---|---|---|---|---|
| 94 | | | DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | |
| | 10 12 90 | 11 29 90 | 6 303 A2 | 7043177 | LEE | YES |
| 94 | | | DRIVING DURING A | | REVOCATION/SUSPENSION | |
| | 10 20 90 | 11 29 90 | 6 303 A2 | 1771 | LEE | |
| 34 | | | DRIVING DURING A | | REVOCATION/SUSPENSION | |
| | 12 27 90 | | | | | |
| 17 | 07 18 93 | 1 0501 01 | | | 07 16 93 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 17 | 05 31 92 | 1 0501 01 | | | 05 31 94 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 17 | 06 09 92 | 1 0501 01 | | | 06 09 94 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 94 | 06 10 93 | D1 | 149 | WHITESID | | |
| | CONV OF 3 OR MORE VIOL OF | 11-501(A) | DUI | | | |
| 01 | 08 02 92 | 6 205 A2 | | | | YES |
| | DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | | | |
| 19 | 06 10 94 | 1 0501 01 | | | 06 10 95 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 17 | 03 15 94 | 4128408 | | | | |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 17 | 10 02 94 | 1 0501 01 | | | 10 02 96 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| 34 | 03 15 94 | 07 10 95 | 6 303 A2 | 4517 | OGLE | |
| | DRIVING DURING A | | REVOCATION/SUSPENSION | | | |
| 94 | 08 09 93 | | | | | YES |
| | DRIVING DURING A | | REVOCATION/SUSPENSION | | | |
| | 03 15 94 | 07 10 95 | 1 0501 A2 | 4516 | OGLE | |

This is to certify, that to the best of my knowledge and belief, after a careful
search of my records, that the information set out herein is a true and accurate copy
of the captioned individual's driving record, identified by driver's license number, and
I certify that all statutory notices required as a result of any driver control actions
taken have been properly given.

*Jesse White*
Secretary of State

(SEE REVERSE FOR EXPLANATION OF CODES AND COLUMN HEADINGS)

COURT PURPOSES                        B650-5125-7035-0 AB001
                                      06 11 03          DDL: N

**Panel 3 (bottom-left)**

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS
FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

RY L BROWN
CENTER STREET
EMAN SPUR 62841

B650-5125-7035-0 PAGE
2 OF 4

| | |
|---|---|
| CONT LIC DATE | 11 07 80 |
| ISSUE DATE | 03 10 81 |
| BIRTH DATE | 02 04 57 |

| | HEIGHT | WEIGHT | HAIR | EYES | | CLASS | SCHOOL | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|
| 03 | 180 | BRN | BRN | Y N 2 C | | | NONE | 02 04 84 |

| DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP IN EFFECT |
|---|---|---|---|---|---|
| 06 30 88 | 1 0501 01 | | | 06 30 89 | YES |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 09 22 88 | 1 0501 01 | | | 09 22 89 | YES |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 05 26 88 | 10 04 88 | 6 303 A2 | 162 | LEE | |
| DRIVING DURING A | | REVOCATION/SUSPENSION | | | |
| 08 07 88 | 07 19 90 | 1 0501 01 | 140445 | COOK 3RD | |
| DUI ALCOHOL | | | | | |
| 08 03 88 | 6 205 A2 | | | | YES |
| DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | | | |
| 08 07 88 | 07 19 90 | 6 303 A2 | 140446 | COOK 3RD | |
| DRIVING DURING A | | REVOCATION/SUSPENSION | | | |
| 05 18 88 | 07 09 90 | 1 0709 01 | 140443 | COOK 3RD | |
| IMPROPER TRAFFIC LANE USAGE | | | | | |
| 11 27 90 | 1 0501 01 | | | 11 27 92 | YES |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 12 05 90 | 1 0501 01 | | | 12 05 92 | YES |
| STATUTORY SUMMARY | | SUSPENSION | | | |
| 12 90 | 11 29 90 | 1 0501 01 | 7043100 | LEE | |
| DUI ALCOHOL | | | | | |
| 12 20 90 | 6 205 A2 | | | | |
| DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | | | |
| 20 90 | 11 29 90 | 1 0501 01 | 1770 | LEE | |
| DUI ALCOHOL | | | | | |
| 12 21 90 | 6 205 A2 | | | | YES |

This is to certify, that to the best of my knowledge and belief, after a careful
search of my records, that the information set out herein is a true and accurate copy
of the captioned individual's driving record, identified by driver's license number, and
I certify that all statutory notices required as a result of any driver control actions
taken have been properly given.

*Jesse White*
Secretary of State

**Panel 4 (bottom-right)**

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS
FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

KERRY L BROWN
304 CENTER STREET
FREEMAN SPUR 62841

B650-5125-7035-0 PAGE
4 OF 4

| | |
|---|---|
| CONT LIC DATE | 11 07 80 |
| ISSUE DATE | 03 10 81 |
| BIRTH DATE | 02 04 57 |

| SEX | HEIGHT | WEIGHT | HAIR | EYES | | CLASS | SCHOOL | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|
| M | 6 03 | 180 | BRN | BRN | Y N 2 C | | | NONE | 02 04 84 |

| TYPE OF ACTION | DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP IN EFFECT |
|---|---|---|---|---|---|---|
| 01 | | | DUI ALCOHOL | | | |
| | 08 20 95 | 6 205 A2 | | | | YES |
| 47 | | | DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | |
| 40 | 12 06 99 | 01 11 00 | 6 205 A2 | | | |
| | 10 17 00 | 1 0501 01 | | | 04 17 02 | YES |
| | STATUTORY SUMMARY | | SUSPENSION | | | |
| | 11 28 01 | 1 0501 01 | | | 11 28 02 | YES |
| 94 | STATUTORY SUMMARY | | SUSPENSION | | | |
| | 10 12 01 | 11 01 02 | 1 0501C13 | 581 | JACKSON | |
| | DUI WHILE REV/SUSP FOR | DUI/RECK HOM/LEAVE SCENE | | | | |
| | 01 15 03 | 6 205 A2 | | | | |
| 47 | | | DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF | | | |
| | 01 15 03 | F.R. REQD | | | | |
| * END OF RECORD * | | | | | | |

This is to certify, that to the best of my knowledge and belief, after a careful
search of my records, that the information set out herein is a true and accurate copy
of the captioned individual's driving record, identified by driver's license number, and
I certify that all statutory notices required as a result of any driver control actions
taken have been properly given.

*Jesse White*
Secretary of State

SUPERVISION

B650-5125-7035-0 AB001
06 11 03            DDL: N

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE, THE FOLLOWING INFORMATION IS
FURNISHED FROM THE DRIVER'S LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

KERRY L BROWN
304 CENTER STREET
FREEMAN SPUR 62841

B650-5125-7035-0

| | DRVR LIC DATE | ISSUE DATE | BIRTH DATE |
|---|---|---|---|
| | 11 07 80 | 03 10 81 | 02 04 57 |

| SEX | WEIGHT | WEIGHT | HAIR | EYES | DUPL | COLLTL | CLASS | ENDORS | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| M | 6 03 | 180 | BRN | BRN | Y N | 2 C | * | *** | NONE | 02 04 84 |

| TYPE OF ACTION | DATE OF ARREST | EFFECTIVE DATE OF ACTION | DESCRIPTION OF ACTION | ACCIDENT OR TICKET NO. | TERMINATION DATE OF ACTION | STOP N EFFECT |
|---|---|---|---|---|---|---|

THIS ADDITIONAL SUPERVISION INFORMATION IS BEING
PROVIDED IN ACCORDANCE WITH SECTION 6-204 OF THE
ILLINOIS VEHICLE CODE AND IS SUBJECT TO THE
LIMITATIONS CONTAINED THEREIN.

NO SUPERVISIONS ON RECORD

* END OF RECORD *

*No Dispositions from a circuit Court having jurisdiction over any of the alleged citation violation are listed on Plaintiff driving Abstract therefore it is not proof of any prior convictions as the statutory provision 625 ILCS 5/6-303 (F) its use violates my constitutional rights.*

This is to certify, that to the best of my knowledge and belief, after a careful search of my records, that the information set out herein is a true and accurate copy of the captioned individual's driving record, identified by driver's license number, and I certify that all statutory notices required as a result of any driver control actions taken have been properly given.

Jesse White
Secretary of State

(SEE REVERSE FOR EXPLANATION OF CODES AND COLUMN HEADINGS)

Ground Seven: Minonk Police Officer Gale who had probable cause to arrest plaintiff where Miranda warnings does apply, "dispatch center advised the Officer plaintiff's license status was currently revoked." Plaintiff was in custody when asked to get out of his car after police officer knew he had probable cause for arrest so any questions after this point were likely to incalpate the accused. Police officer knowing committed official misconduct when he did not mirandize the plaintiff after obtaining probable cause to arrest the plaintiff had "the right to to remain silent because what you say could be used against you in a court of law." Police officer Gale did not give plaintiff this warning before questioning him, violating his fourth Amendment right of the U.S. Constitution. therefore conviction cannot be sustained.

Ground eight: Minonk Police officer Gale, state prosecutor and circuit Court Judge Knowingly committed official misconduct by violating the plaintiff's U.S. Constitutional right being the Fifth Amendment, "No person shall be compelled in any criminal Case to be a witness against himself." Plaintiff statement coerced by officer who had probable cause for miranda which was not given before obtaining statement "which was had he consumed any alcoholic beverages that evening" plaintiff state "yes he had a while ago" officer used this illegally obtained information to get more self-incriminating evidence when officer asked Plaintiff to take Field sobriety test after obtaining statement that he had something to drink that was alcoholic making the plaintiff be a witness against himself at his trial which violates his constitutional right and the convictions may not be sustained.

1    compartment onto the floor of the vehicle.  He then handed
2    me valid proof of insurance for that vehicle.  I then
3    again had to ask him for his driver's license, which he
4    looked for, for a few minutes, approximately two minutes,
5    and handed me an Illinois identification card identifying
6    himself as Mr. Brown.
7        Q.  And what happened then?
8        A.  I returned to my car, I ran a computer records
9    check of Mr. Brown's information, which my communication
10   center -- dispatch center advised me that his driver's
11   license status was currently revoked.
12       Q.  And what did you do then?
13       A.  I then returned to speak with Mr. Brown, and I
14   had Mr. Brown step out of the vehicle.
15       Q.  And what happened then?
16       A.  I asked Mr. Brown if he had had any alcoholic
17   beverages, if he had consumed any alcoholic beverages that
18   evening.
19       Q.  And what, if anything, was his response?
20       A.  He replied he had some awhile ago.
21       Q.  And what, if anything, did you do then?
22       A.  I then asked him if he would submit to field
23   sobriety testing.
24       Q.  Did the defendant ever clarify what "awhile ago"

1  we're having here today.

2       Q.  Was there a passenger in the vehicle with the

3  defendant?

4       A.  No, there was not.

5       Q.  Had you told the defendant he was under arrest?

6       A.  No, I had not.

7       Q.  Had you placed the defendant in handcuffs or any

8  other type of restraint?

9       A.  No, I had not.

10      Q.  Had you given Miranda?

11      A.  No, I had not.

12      Q.  Had you issued citations at that point of your

13  interaction with the defendant?

14      A.  No, I had not.

15          THE COURT:  I'm sorry, what was that question?

16  BY MR. NETZLEY:

17      Q.  Did you -- had you issued citations?

18          THE COURT:   Oh, citations.

19  BY MR. NETZLEY:

20      Q.  At that point?

21      A.  No, I had not.

22      Q.  And after the statement that the defendant made

23  to you, you did field sobriety tests?

24      A.  That's correct.

1   then did provide you proof of insurance and an I.D. card;

2   is that right?

3      A.   Yes, he did.

4      Q.   And after that you went back to your squad car,

5   ran a Leads -- computer records check, correct?

6      A.   Correct.

7      Q.   And that records check told you, then, that his

8   driver's license was revoked?

9      A.   Correct.

10     Q.   And at that point you returned to the vehicle and

11  had Mr. Brown step out; is that right?

12     A.   Yes.

13     Q.   And it was then that you had your conversation

14  with him?

15     A.   Correct.

16     Q.   Was he free to go at this point?

17     A.   Yes, he was.

18          MR. NETZLEY:  Objection, Your Honor.  This is

19  dealing with the subjective state of mind of the officer.

20  It is not relevant.

21          THE COURT:  Subjective state of the mind is

22  relevant if it's manifested by any actions of the officer

23  towards the defendant to lead the defendant to believe he

24  might be in custody, so it's overruled.  Did you get an

1   say to him?

2       A.   I asked Mr. Brown to step out of the vehicle.

3       Q.   Do you remember what words you used?

4       A.   No, I do not.

5       Q.   Would it be safe to say you ordered him to step

6   out of the vehicle?

7       A.   Yeah.  Yes, it would be.

8       Q.   So any failure to step out of the vehicle would

9   have been seen by you as a refusal to comply with your

10  order; is that right?

11          MR. NETZLEY:  Objection.  Again, this involves

12  an officer's subjective belief.

13          THE COURT:  Sustained.  It's irrelevant.  Would

14  have, could have and should have happened doesn't matter

15  with what did happen.

16  BY MR. BALDWIN:

17      Q.   At what point during your interaction with Mr.

18  Brown did you read him the Miranda warning, if you did at

19  all?

20      A.   I did not read him the Miranda warning.

21      Q.   So when you ultimately placed him under arrest

22  you didn't Mirandize him at all?

23      A.   No, I did not.

24          MR. BALDWIN:  Nothing else.  Thank you.

And so based on the totality of the circumstances, it is my opinion that a reasonable person innocent of the crime would not have perceived themselves to be in custody, and that the defendant's statements were voluntary and, therefore, not suppressed.

Now, the officer indicated -- and I don't know what the evidence is here beyond this -- but the officer indicated he never did read Miranda, so any statement that he would give after that, you know, might be an issue. So once he arrested the defendant and took him to the jail if the defendant, you know, confessed to drinking, you know, a quart of gin, or something, you know, that would be then a problem.

But at this point that statement made four minutes into the whole situation, it's not custodial, Miranda doesn't apply. Motion to suppress is denied.

All right. Anything else before we get into the meat of the jury trial?

MR. NETZLEY: No, Your Honor.

THE COURT: Mr. Netzley?

MR. NETZLEY: No, Your Honor.

MR. BALDWIN: I would like a restroom break.

THE COURT: Take a brief break, then. All right. I really am anxious to get started, though,

1  answer on that?

2           MR. BALDWIN:  I don't recall.

3           THE COURT:  What was your answer to that

4  question?

5           THE WITNESS:  At that point I can release the

6  subject on a notice to appear.

7  BY MR. BALDWIN:

8      Q.  On a driving while revoked?

9      A.  That's correct.

10     Q.  Was it your intention to release him on a notice

11  to appear at that point?

12     A.  At that point --

13         MR. NETZLEY:  Objection, Your Honor.  The State

14  has an objection based upon that's a -- his subjective

15  belief, of the officer.

16         THE COURT:  His intention is irrelevant.

17         MR. BALDWIN:  Is irrelevant?

18         THE COURT:  Is irrelevant.

19  BY MR. BALDWIN:

20     Q.  Would you agree that the offense of driving on

21  revoked is an arrestable offense?

22     A.  Yes.

23     Q.  You indicated in the report that you returned to

24  the vehicle and had Brown step out.  What exactly did you

1      Q.   And when you asked the defendant if he had

2    anything to drink, was he in his car or out of his car?

3      A.   He was outside of his vehicle.

4      Q.   And why did you have him get outside of his

5    vehicle?

6      A.   Because at the time I had observed that his eyes

7    were glassy, and then I had smelled a faint odor of an

8    alcoholic beverage while speaking with him at the vehicle.

9      Q.   And what did you want to ascertain, if anything,

10    by having him get out of the vehicle?

11      A.   If he had consumed any alcoholic beverages and if

12    his ability to drive was impaired because of such.

13           MR. NETZLEY:   Thank you, Officer.   At this time

14    the People have no further questions.

15           THE COURT:   Mr. Baldwin?

16           MR. BALDWIN:   Thank you, Your Honor.

17

18                    CROSS-EXAMINATION

19    BY MR. BALDWIN:

20      Q.   So he blew through a stop sign?

21      A.   That's correct.

22      Q.   You activated your lights, pulled him over?

23      A.   Correct.

24      Q.   In interacting with him he fumbled around but

1   was?

2       A.   Yes.   He stated approximately an hour ago, an

3   hour or so ago.

4       Q.   Did you ascertain what the age of the defendant

5   was?

6       A.   At the time of the stop he was 48 years of age.

7       Q.   How many other officers were present when the

8   defendant told you that he had had some alcohol about an

9   hour ago?

10      A.   There was none.   Just myself.

11      Q.   And how long had it been since you pulled him

12  over that he made that statement to you?

13      A.   I would say approximately four minutes.

14      Q.   And is this location still on a public roadway

15  here in Woodford County?

16      A.   Yes, it is.

17      Q.   What time is this happening, Officer?

18      A.   Approximately 11:30.

19      Q.   Is that AM or PM?

20      A.   PM.

21      Q.   Can you describe what, if anything, was the mood

22  of the interaction between you and the defendant you

23  identified?

24      A.   I was just -- at that time casual conversation as

Request for Relief

Plaintiff prays that this Honorable Court will grant this petition and reverse these convictions that are void of charges and base upon extensively and materially false information, evidence used against plaintiff was all self-incriminating and should not have been allowed at Plaintiff trial. Plaintiff ask that this Honorable Court grant his immediate release from Shawnee Correctional Center, Vienna, Illinois 62995 and that he be compensated for being wrongfully convicted and his constitutional Rights that were maliciously Violated by the Respondents who Job it was to protect those rights.

Declaration under Penalty of Perjury

I, the undersigned, certify to the best of my knowledge, information, and belief, that this petition is in full compliance with rule 11 (a) and 11(b) of the Federal rules of Civil Procedure. The undersigned also recognizes that failure to comply with rule 11 (a) and (b) may result in Sanctions, monetary or non-monetary pursuant to Federal rule of Civil Procedure 11 (a).

Signed this 11th day of June, 2008.

Kerry L. Brown N-32753
Kerry L. Brown N-32753
Reg. No. N-32753
Pro Se
Shawnee Correctional Center
6665 State Route 146 East
Vienna, Illinois 62995

(9)