# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KERRY L. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 07-cv-1336 & 08-cv-1148 |
| v. | ) | |
| | ) | |
| JODY HATHAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N   &   O R D E R

Before the Court are two Petitions for the Writ of Habeas Corpus under 28 U.S.C. § 2254, both filed by Petitioner Kerry L. Brown.  The Petition in case 07-cv-1336 was docketed on December 10, 2007 (Doc. 1).  The Petition filed in case 08-cv-1148 was docketed on June 25, 2008 (Doc. 1).  For the reasons stated below, both Petitions are DENIED.

### BACKGROUND

The procedural history of this case is long and winding.  On January 18, 2006, after a jury trial in the Circuit Court of Woodford County, Illinois, a jury convicted Petitioner of Aggravated Driving under the Influence of Alcohol (DUI) and Aggravated Driving While License was Revoked (DWLR).  On March 14, 2006, Petitioner was sentenced to ten years' imprisonment for his Aggravated DUI conviction and three years' imprisonment for his Aggravated DWLR conviction.  The sentences were to be served consecutively.  Petitioner appealed his conviction and

also, in April 2006, filed a petition for post-conviction relief in the Woodford County Circuit Court.

On May 5, 2006, while his post-conviction petition was pending in the state trial court, Petitioner filed a complaint in the trial court for habeas corpus relief pursuant to 735 Ill. Comp. Stat. 5/10-101, *et seq.* One month later, on June 5, 2006, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2254 in the U.S. District Court for the Central District of Illinois (case 06-cv-1209). On December 19, 2006, the state trial court held an evidentiary hearing on Petitioner's post-conviction petition and denied it. On December 29, 2006, in federal court, Judge Mihm denied, without prejudice, Petitioner's federal habeas petition because Petitioner had not exhausted his state-court remedies. Petitioner subsequently filed two more habeas petitions in the state trial court, which were denied. Petitioner did not appeal those denials.

On January 8, 2007, Petitioner appealed the state trial court's denial of his post-conviction petition to the Fourth District Appellate Court of Illinois. The state appellate court consolidated the post-conviction appeal with the direct appeal of Petitioner's conviction. Petitioner filed two primary briefs in the Fourth District Appellate Court.[1] The first brief, which appears to have been filed in June 2007, raised only one claim involving ineffective assistance of trial counsel. After that brief was filed, Petitioner, who was then represented by counsel, filed a second brief with the state appellate court, entitled "Brief and Argument for Defendant-

---

[1] Specifically, Petitioner filed two primary briefs as well as a reply brief which did not raise additional claims.

Appellant Pro Se." This "pro se" brief contained the following additional claims: (1) the State failed to sufficiently inform Petitioner of the charges against him; (2) the state trial court had no jurisdiction over Petitioner's criminal case; (3) the sentencing court improperly amended a charging instrument after the conclusion of trial. The state appellate court construed Petitioner's second brief as a motion for leave to file a pro se supplement to his first appellate brief, and the court denied that motion.[2]

On January 9, 2008, the state appellate court affirmed Petitioner's conviction and affirmed the trial court's denial of his post-conviction petition. Subsequently, Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, raising ten claims. The PLA included many claims that were not presented to the state appellate court. The PLA, however, also advanced certain of Petitioner's claims that were raised in the state appellate court below. The claims that Petitioner presented to the state appellate court with at least some degree of clarity and which he also included in the PLA to the Illinois Supreme Court were: (1) the claim regarding the State's failure to apprise Petitioner of the charges against him and (2) the claim regarding an improper post-trial amendment to the charging instruments. The Illinois Supreme Court denied the PLA on May 29, 2008. (Resp. Ex. P).

---

[2] It is noteworthy, although not especially relevant to this Opinion, that on August 9, 2007, Petitioner sought leave to file an original complaint for habeas relief directly in the Illinois Supreme Court. Petitioner raised seventeen claims in the complaint. On September 14, 2007, the Illinois Supreme Court denied Petitioner leave to file this complaint.

3

On November 5, 2007, before the state appellate court had affirmed his conviction, Petitioner filed a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court, raising various claims. The Clerk opened case 07-cv-1336 and docketed the Petition ("11/5/07 Petition") (Doc. 1).[3]  Then, on June 25, 2008, Petitioner filed another section 2254 petition in this Court ("6/25/08 Petition"). The Clerk opened case 08-cv-1148 and docketed that petition (Doc. 1).  On July 10, 2008, Judge Mihm, who presided over case 08-cv-1148 at the time, transferred the case to Judge McDade to determine if the 6/25/08 Petition was related to the 11/5/07 Petition.  On July 31, 2008, Petitioner submitted a filing to the Court indicating that the 6/25/08 Petition was unrelated to the 11/5/07 Petition.

On August 14, 2008, Respondent filed an Answer in case 07-cv-1336 (Doc. 8). The Answer addressed elements of the 11/5/07 and 6/25/08 Petitions.  Petitioner responded to the Answer on September 9, 2008 by filing a Traverse in case 07-cv-1336 (Doc. 9).  Petitioner has since filed motions seeking judgment on the Petitions in both cases.

## LEGAL STANDARD

A federal district court may grant a petition for habeas relief under 28 U.S.C. 28 U.S.C. § 2254 where the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  With respect to a

---

[3] The docket entry was made on December 10, 2007, although the docket reflects that the Court received the Petition on November 5, 2007.  It appears that Petitioner signed the Petition on October 3, 2007.

claim for habeas relief that was adjudicated on the merits in state court, the writ may issue only if the state court's ruling (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

## ANALYSIS

As a preliminary matter, the Analysis Section of this Opinion primarily addresses the 11/5/07 Petition in case 07-cv-1336.  Subsection III of the Analysis Section, however, exclusively addresses the 6/25/08 Petition in case 08-cv-1148. This Opinion disposes of both Petitions.

The 11/5/07 Petition sets forth the following claims:

A. The arresting officer failed to give Petitioner Miranda warnings;

B. The prosecution's use at trial of Petitioner's inculpatory statements violated Miranda;

C. The trial court should have excluded certain statements made by Petitioner and the results of a breathalyzer test;

D. The Illinois Secretary of State violated Petitioner's Fourth Amendment rights by providing the prosecutor with Petitioner's driving abstract;

E. Petitioner's rights to due process were violated when the State used Petitioner's driving abstract to increase his bail and failed to apprise Petitioner of the charges against him;

F. Petitioner was denied due process because the Circuit Court "had no jurisdiction over bail subject matters;"

G. The prosecution violated Petitioner's privileges against self-incrimination when it introduced at trial Petitioner's driving abstract which listed his prior convictions for DUI and DWLR;

H. The charging instruments failed to set forth all elements of the charged offenses, cite the controlling statutory provisions, and quote the controlling statutory language;

I. The prosecution's reliance on Petitioner's driving abstract to prove his prior convictions was improper and constituted use of false material evidence;

J. The trial court violated due process by failing to hold an evidentiary hearing on the admissibility of the driving abstract;

K. The trial court violated due process by amending the charging instruments during the sentencing hearing;

L. The State violated <u>Brady</u> by failing to disclose a certified court order showing that Petitioner's driver's license was not revoked at the time of the offense; and

M. Petitioner's sentence violates the Eighth Amendment because he was convicted of void charges.

**I.    <u>Claims (A), (B), (C), (D), (E), (F), (G), (I), (J), (L), and (M)</u>**

The Court finds that all but two of the claims that Petitioner has raised in the 11/5/07 Petition are procedurally defaulted. In order to avoid procedural default on each claim, Petitioner was required to advance the claim through one complete round of state appellate review. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). More specifically, Petitioner was required to raise each claim in the Illinois Circuit Court, appeal the Circuit Court's ruling on the claim to the Appellate Court of Illinois and, then, present the claim in a PLA to the Illinois Supreme Court. <u>Guest v. McCann</u>, 474 F.3d 926, 930 (7th Cir. 2007). Not only was Petitioner required to advance each of his claims through a complete round of state court appeals, he was

also required to make clear to the state courts, at each level, that the claim presented was based on federal law.  <u>Verdin v. O'Leary</u>, 972 F.2d 1467, 1473-74 (7th Cir. 1992) (explaining the contours of the "fair presentment" doctrine for section 2254 petitions).

This Court finds that Petitioner failed to fairly present claims (A), (B), (C), (D), (E), (F), (G), (I), (J), (L), and (M) to the Fourth District Appellate Court of Illinois.  Petitioner failed to present some of these claims to the state appellate court at all, and he failed to present others as claims based on federal law.  The window of time in which Petitioner could have raised these claims in the state appellate court has expired.  <u>See</u> Ill. S. Ct. Rule 303(a).  Because Petitioner did not fully and fairly advance the claims through one complete round of state appellate review, each claim is procedurally defaulted.  <u>See</u> <u>Boerckel</u>, 526 U.S. at 848.

The record reflects that Petitioner filed two primary briefs in the Fourth District Appellate Court.[4]  In his first "Brief and Argument For Defendant-Appellant" (Resp. Ex. K), Petitioner presented only one claim: that his trial counsel was ineffective for failing to object to the imposition of consecutive sentences. Petitioner does not raise this ineffective assistance claim in the instant habeas petition.  In his second brief to the state appellate court, entitled "Brief and

---

[4]  Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent has certified that all relevant briefs that Petitioner filed in the state appellate court were attached to the Answer.  (Answer ¶ 27).

Argument For Defendant-Appellant Pro Se," ("Pro Se Appellate Brief") Petitioner raised various supplemental claims.[5]

Petitioner framed all but two of the claims included in his Pro Se Appellate Brief to the state appellate court as claims based solely on state law.[6]  In other words, all but two of the claims in the Pro Se Appellate Brief were not fairly presented to the state appellate court as federal claims.  Therefore, to the extent Petitioner has attempted to "dress up" or recast the state law claims in his Pro Se Appellate Brief as federal claims in his PLA to the Illinois Supreme Court and in his 11/5/07 Petition, those claims fail the "fair presentment" test and are procedurally defaulted.  See Verdin, 972 F.2d at 1473-74.

A federal district court may excuse a petitioner's procedural default in limited circumstances.  Guest, 474 F.3d at 930 (excusal may be warranted for cause and resulting prejudice or to prevent a fundamental miscarriage of justice).  The circumstances in this case, however, do not warrant an excusal.  Petitioner had an opportunity, in his Traverse, to address Respondent's defense of procedural default. Petitioner, however, did not attempt to explain his default of all but two of the

---

[5] The Fourth District Appellate Court construed the Pro Se Appellate Brief as a motion for leave to file a pro se supplemental appellate brief.  The appellate court denied that motion.  (Pet. Ex. 4).  Because the appellate court did not give a reason for its denial of the motion for leave, this Court cannot be sure that the denial was based on an independent and adequate state procedural ground.  See Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003).  As a result, this Court is unable to dispose of claims that were raised in the Pro Se Appellate Brief, and recited in the 11/5/07 Petition, on that procedural basis.

[6] The two claims that Petitioner did fairly present to the state appellate court as federal claims – labeled as claims (H) and (K) for purposes of this Opinion – are addressed later in this Opinion.

claims in his 11/5/07 Petition.  Instead, Petitioner dedicated his Traverse to arguing the merits of his claims.  In any event, Petitioner has not made the Court aware of any circumstances which would lead the Court to excuse his default.  Accordingly, each claim, except for claims (H) and (K), is procedurally defaulted and is hereby dismissed.

## II.    <u>The Two Surviving Claims – (H) and (K)</u>

Claims (H) and (K) are both based on defects in the two charging instruments ("Informations") under which Petitioner was convicted.[7]  Claim (H) essentially alleges that the Informations were inadequate in apprising Petitioner of the charges against him.  Claim (K) alleges that the state trial court violated due process by amending one of the Informations during the sentencing hearing.

It is arguable that claims (H) and (K) were also procedurally defaulted because, in his Pro Se Appellate Brief to the state appellate court, Petitioner framed these claims primarily in terms of state law.  On the other hand, there is some indication that Petitioner attempted to alert the state appellate court as to the claims' federal nature.  Specifically, in his Pro Se Appellate Brief, Petitioner cites to <u>People v. Grieco</u>, 44 Ill.2d 407 (1970) in support of his claim regarding a post-trial alteration to one of the Informations.  <u>Grieco</u> employs a limited federal constitutional analysis regarding the facial sufficiency of a charging instrument.  In addition, Petitioner, in his Pro Se Appellate Brief, attempted to connect his argument that the Informations were void under state law with the notion that the

---

[7] In Petitioner's underlying criminal case, there were two separate Informations – one for each charge.

United States Constitution also protects criminal defendants against defective charging instruments. (Resp. Ex. N, Pro Se Appellate Brief ¶ 10). Further, the manner in which Petitioner attacked the Informations throughout his Pro Se Appellate Brief seemed to raise questions of fundamental procedural fairness that would, potentially, invoke the Sixth and Fourteenth Amendments.

Because there is at least some question as to whether claims (H) and (K) were advanced in the state appellate court as federal claims, this Court finds it appropriate to give Petitioner the benefit of the doubt. Accordingly, the Court assumes that claims (H) and (K) were fairly presented to the state courts in a complete round of appellate review.[8] The Court will, therefore, proceed to the merits of these claims.

> A. *Claim (H) – Whether the Charging Instruments Fairly Apprised Petitioner of the Charges Against Him*

Petitioner contends that the Informations under which he was convicted were facially flawed. Construed broadly, Petitioner's claim is that the defective Informations failed to apprise him of the charges against him, violating the Sixth

---

[8] Because the state appellate court never squarely addressed the two Information-related claims, it is unclear whether Petitioner's trial counsel made the proper objections at trial and during sentencing so as to preserve claims (H) and (K) for appeal. The sentencing transcript does indicate that the sentencing court heard arguments from both parties regarding: (1) the jury's finding of a fact that was not alleged in the Aggravated DUI Information and (2) the potential impact of an "incomplete" Information on the severity of Petitioner's punishment. (Resp. Ex. W at p. C297-303). In lieu of combing through the transcripts in an attempt to confirm the absence of proper objections by Petitioner's trial counsel, the Court will assume, *arguendo*, that counsel made the appropriate objections and preserved claims (H) and (K) for appeal.

and Fourteenth Amendments of the Constitution of the United States.  A charging

instrument is sufficient in the constitutional sense if it "first, contains the elements

of the offense charged and fairly informs a defendant of the charge against which he

must defend, and, second, enables him to plead an acquittal or conviction in bar of

future prosecutions for the same offense."  <u>Hamling v. United States</u>, 418 U.S. 87,

117 (1974).  The instrument must include "a statement of the facts and

circumstances as will inform the accused of the specific offence, coming under the

general description, with which he is charged."  <u>Id.</u> at 117-18 (quoting <u>United States</u>

<u>v. Hess</u>, 124 U.S. 483, 487 (1888)).

Claim (H) was adjudicated on the merits, in-part, in a post-conviction

proceeding in the state trial court.  The post-conviction trial court found that the

Information charging Petitioner with Aggravated DUI fairly apprised Petitioner of

the charge.  (Resp. Ex. F at 33-35).  This Court finds the post-conviction trial court's

decision to be a reasonable application of federal law.  <u>See</u> 28 U.S.C. § 2254(d).  In

addition, this Court finds that the Information charging Aggravated DWLR fairly

apprised Petitioner of the DWLR charge.

It is true that the Informations involved here did not quote the language of

the relevant statutes.  However, quoting of the controlling statute is not

constitutionally required.  The Illinois DUI statute provides, "[a] person shall not

drive or be in control of any vehicle within this State while . . . under the influence

of alcohol."  625 Ill. Comp. Stat. 5/11-501(a)(2).  The Information charging Petitioner

with Aggravated DUI states that Petitioner, on October 30, 2005, committed

Aggravated DUI when he "knowingly drove a 1985 American Motors car with Illinois registration 7956445 at Carolyn Drive and County Hwy. 2, in Woodford County, while [he was] under the influence of alcohol." (Resp. Ex. T at p.1). As to the Aggravated DWLR charge, the Illinois DWLR statute criminalizes the practice of "driv[ing] . . . a motor vehicle on any highway of [Illinois] at a time when [the driver's] license . . . is revoked or suspended." 625 Ill. Comp. Stat. 5/6-303(a). The Information charging Petitioner with Aggravated DWLR states that Petitioner, on October 30, 2005, committed Aggravated DWLR when he "drove a car upon a highway with an Illinois registration number 7956445 . . . in Woodford County, Illinois at a time when his driver's license was revoked . . . ." (Resp. Ex. T at p. C-9).

Each of the Informations: (1) stated the charge; (2) set forth the elements of the charge by referring to the behavior of Petitioner that invoked the statute; (3) identified the controlling statute; and (4) identified prior conduct by Petitioner which would serve to elevate the severity of the punishment imposed. (Resp. Ex. T). Each of the Informations was constitutionally sufficient to apprise Petitioner of the charges against him and fairly enable him to prepare a defense. As a result, Petitioner's claim that the Informations were constitutionally defective is without merit.

### B. _Claim (K) – Whether the Sentencing Court Violated Due Process By Treating Petitioner's Aggravated DUI Conviction as a Class 2 Felony_

First, it should be noted that, despite the language of Claim (K), it is clear that no amendments were made to the charging documents at the sentencing hearing. (Resp. Ex. W at C302). Instead, what Petitioner appears to be contesting

12

is the sentencing court's interpretation of the Aggravated DUI conviction as a Class 2 felony.  Respondent did not fully brief the Court on merits of this claim.  However, the transcript of Petitioner's sentencing, attached to the Answer, presents sufficient evidence to satisfy the Court that no constitutional violation occurred.

The Information charging Aggravated DUI listed the offense as a Class 2 felony.  However, the parties seemed to agree, at the sentencing hearing, that the facts alleged in that Information were not, standing alone, sufficient to support a Class 2 felony classification.  Specifically, the Information charging Aggravated DUI did not recite the allegation that, on the date of the offense, Petitioner was driving on a revoked license ("DWLR allegation").[9]  The Information charging Aggravated DWLR, however, did recite the DWLR allegation.  The sentencing court heard arguments on how to proceed in light of the "incomplete" Aggravated DUI Information.  Ultimately, the court decided to "borrow" the DWLR allegation from the DWLR Information to support the Class 2 felony classification for Petitioner's Aggravated DUI conviction.  Although Petitioner's counsel did object to this course of action, he acknowledged that it was supported by Illinois caselaw.  (Resp. Ex. W at C302).

In the 11/5/07 Petition, Petitioner seems to be alleging that there was a due process problem with the sentencing court proceeding as it did.  The precise issue, then, is whether the Due Process Clause of the Fourteenth Amendment prohibits a

---

[9] The sentencing transcript indicates that the State, in order to support a Class 2 felony classification under the applicable version of 625 Ill. Comp. Stat. 5/11-501, was relying on the fact that Petitioner was driving on a revoked license at the time of the DUI arrest.

sentencing court from "borrowing" a factual allegation from one felony indictment to support a heightened felony classification in a separate but related felony indictment, where the defendant has been convicted on both indictments in the same proceeding.

The cases cited by the State, at sentencing, employ a primarily state-law based analysis. In Illinois, it is settled law that "in testing the sufficiency of a multicount indictment [for purposes of 725 Ill. Comp. Stat. 5/111-3(a)], elements missing from one count may be supplied by another."[10] People v. Bishop, 352 Ill. App.3d 195, 206 (2d Dist. 2004), rev'd, in part, on other grounds, 218 Ill.2d 232 (2006); see also People v. Martin, 266 Ill. App.3d 369, 374 (4th Dist. 1994). The question in this case is whether that practice satisfies due process under the United States Constitution. The Court finds that it does.

In Almendarez-Torres v. United States, the Supreme Court held that allegations relating only to the sentencing phase of a criminal proceeding need not be stated in the indictment under which the defendant is convicted. 523 U.S. 224, 228 (1998). The key determination a court must make, in deciding whether an indictment is fatally defective for its failure to include a specific allegation, is whether the relevant allegation serves only to affect the severity of a defendant's sentence under a "primary offense" or whether the allegation is a necessary element

---

[10] The parties, at the sentencing hearing, proceeded, without objection, as though the two separate Informations constituted a single charging instrument with two separate counts. Any objection to this practice was, therefore, waived at the sentencing hearing. (Resp. Ex. W at C300-305).

of a completely separate offense.  Id.  If the allegation relates only to the former consideration, the indictment need not state the allegation.  Conversely, if the allegation is necessary to support another related but separate offense, the indictment charging a defendant with the separate offense must include the allegation.

In the context of this case, the narrow issue is whether the fact that Petitioner's license was revoked at the time he was arrested is a fact which serves only to enhance the severity of Petitioner's sentence or whether that fact is a necessary element to support an offense separate and distinct from Aggravated DUI.  In other words, did the Illinois legislature intend to create a separate criminal offense for "driving under the influence of alcohol while also driving on a revoked license?"  See Almendarez-Torres, 523 U.S. at 228.  The more reasonable interpretation, in the Court's opinion, is that Petitioner's driving on a revoked license was a fact relevant only to sentencing in the Aggravated DUI case.

The Court's conclusion is supported by the text and structure of the DUI statute, 625 Ill. Comp. Stat. 5/11-501.  Under the applicable version of the statute,[11] a person is guilty of the offense of "Driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds or any combination thereof," under subsection (a) if a person "drive[s] or [is in] actual physical control of

_____

[11] 625 Ill. Comp. Stat. 5/11-501 has been amended numerous times.  It was amended most recently by P.A. 95-778 § 5, which became effective on August 4, 2008.  It appears that the version of the statute under which the sentencing court was operating was a version last amended by P.A. 93-1093 § 5, effective March 29, 2005.  The current version of the statute is structured differently than the version the sentencing court used at the sentencing hearing.

any vehicle within [Illinois] while . . . under the influence of alcohol."  Subsection (c) – the subsection which references the act of driving on a revoked license – is geared toward sentencing.  That subsection begins by stating "[e]xcept as provided under paragraphs (c–3) and (c–4), and (d) of this Section, every person convicted of violating this Section . . . shall be guilty of a Class A misdemeanor."  The key provision with respect to the issue at hand, subparagraph (c–1)(3), provides, "A person who violates this Section a fourth or subsequent time during a period in which his or her driving privileges are revoked or suspended . . . is guilty of a Class 2 felony."

It is not reasonable to interpret 625 Ill. Comp. Stat. 5/11-501(c)(c –1)(3) as a provision intended by the Illinois legislature to create a crime separate and distinct from the crime defined in 625 Ill. Comp. Stat. 5/11-501(a).  Accordingly, the Court finds that it was not a violation of federal due process for the Information charging Aggravated DUI to omit the allegation that Petitioner was driving on a revoked license at the time he was arrested on October 30, 2005.  Claim (K) is without merit.

### III.   <u>Petitioner's Habeas Petition in Case 08-cv-1148</u>

On June 25, 2008, during the pendency of the 11/5/07 Petition, Petitioner filed another section 2254 petition (6/25/08 Petition) in this Court.  The 6/25/08 Petition was directed to Judge Mihm and was filed under case number 08-cv-1148.  On July 8, 2008, the respondent in case 08-cv-1148 moved to transfer the case to Judge McDade because the 6/25/08 and 11/5/07 Petitions both stemmed from the same underlying criminal conviction.  Judge Mihm granted the transfer to Judge

16

McDade, stating in the transfer order that Judge McDade should determine whether the 6/25/08 Petition was an attempt to supplement the 11/5/07 Petition or whether it was merely a duplicative petition.

Given Petitioner's statement, in a July 31, 2008 filing in case 08-cv-1148, indicating that the 11/5/07 and 6/25/08 Petitions are "two different Habeas Corpus petitions," (Doc. 7) the Court is tempted to treat the 6/25/08 Petition as a successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). If the Court were to construe the 6/25/08 Petition in this way, the Court would not have immediate jurisdiction to consider the Petition. Petitioner would first have to seek an order from the Court of Appeals authorizing this Court to consider the Petition.

However, there is support in this federal circuit, and in others, for the proposition that a second federal habeas petition, filed during the pendency of the first petition, should be construed as a supplement to the first petition and not as a "successive petition" for purposes of 28 U.S.C. § 2244(b)(3)(A). See Johnson v. United States, 196 F.3d 802, 804-05 (7th Cir. 1999); see also Ching v. United States, 298 F.3d 174, 177-80 (2d Cir. 2002). In adherence to this practice, the Court has reviewed the contents of the 6/25/08 Petition. The Court finds that the claims included therein are substantively duplicative of the claims set forth in the 11/5/07 Petition. Accordingly, the Court's analysis of the 11/5/07 Petition serves to dispose of each claim advanced in the 6/25/08 Petition. Each claim in the 6/25/08 Petition is either procedurally defaulted or is without merit.

## CONCLUSION

For the reasons stated above, the Petitions for the Writ of Habeas Corpus in cases 07-cv-1336 and 08-cv-1148 are both DENIED.  All other pending motions in both cases are MOOT.

CASES 07-cv-1336 and 08-cv-1148 are TERMINATED.

Entered this 1st day of December, 2008.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge
